IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:91CR74 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BRUCKNER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant/petitioner's notice of appeal entitled "federal writ of habeas corpus injunction to file in to the United States said Court of Appeals for the Eighth Circuit Court of Appeals for the said juridiction (sic) for justice" (Filing No. 140), together with a supporting brief entitled "federal writ of habeas corpus in holding this federal injunction on the court clerk for supplement brief for a oral argument (Filing No 141).  This appears to be an appeal from this Court's order of June 11, 2007 (Filing No. 139) which denied the defendant/petitioner's "federal writ of habeas corpus injunction under 28 U.S.C.A. Section 2241 in holding this court in federal criminal contempt for jurisdiction to justice for expedition of judgment" (Filing No. 138).

Briefly, the record reflects that defendant was indicted on December 17, 1991, on three counts: one for use of a firearm during a violent felony, and two counts of bank robbery. On June 30, 1992, after being found guilty of all three counts,

he was sentenced to two hundred sixty-two (262) months as to Counts I and III and a term of sixty (60) months as to Count II to run consecutively to the two hundred sixty-two months imposed on Counts I and III.  No appeal was taken from this conviction and sentence.

On May 22, 1998, defendant filed a motion for leave to file a motion under Title 28, United States Code, Section 2255, together with a motion to proceed *in forma pauperis*.  On June 29, 1998, this Court entered an order denying both motions.  On January 5, 1999, the defendant filed a motion pursuant to 28 U.S.C. § 2255, and on May 20, 1999, the Court entered an order denying defendant's § 2255 motion.

On March 19, 2001, he filed a further motion pursuant to 28 U.S.C. § 2255 which motion was denied on April 3, 2001.  Appeals were filed by the defendant/petitioner.  This Court denied the requests for certificate of appealability, and the actions of the Court were all affirmed by the United States Court of Appeals in its mandate and judgment of August 9, 2001.  On October 1, 2001, defendant filed a further motion pursuant to 28 U.S.C. § 2255, together with a motion to vacate this Court's order and memorandum opinion filed in May of 1999, some two and a half years earlier.  On October 23, 2001, this Court filed a memorandum opinion that it was without jurisdiction to address the motion, and accordingly, it was denied.

The defendant appealed this action to the United States Court of Appeals for the Eighth Circuit which affirmed and further denied the application for certificate of appealability and entered judgment dismissing the appeal.  There were further actions in 2002 regarding the defendant's effort to obtain grand jury transcripts, which were denied.  That was appealed to the United States Court of Appeals.  No certificate of appealability was granted, and in early 2003, the judgment of this Court was summarily affirmed by the Court of Appeals.

The defendant filed a petition for writ of certiorari which was subsequently denied on December 12, 2003.  No further action was taken until the present motions were filed on May 30, 2007, which were denied by this Court on June 11, 2007.  This "notice of appeal" followed.

As the Court previously noted, the filings of defendant are unintelligible and incomprehensible.  There is no basis for granting leave to proceed *in forma pauperis*.  The appeal is not taken in good faith, and for the reasons stated above, there are no other reasons that would justify permitting him to proceed on appeal *in forma pauperis*.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court